IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:06-CV-388-D(1)

| | |
|---|---|
| MILDRED WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

Mildred Williams ("plaintiff" or "claimant") appeals the Commissioner of Social Security's ("Commissioner") final decision denying plaintiff's application for a period of disability and disability insurance benefits ("benefits"). Magistrate Judge Gates issued a Memorandum and Recommendation ("M&R") recommending that plaintiff's motion for judgment on the pleadings be denied, the Commissioner's motion for judgment on the pleadings be granted, and the final decision of the Commissioner be affirmed. Plaintiff objected to the M&R, and the Commissioner responded. As explained below, the court overrules the objections to the M&R, adopts the M&R, and affirms the Commissioner's final decision.

I.

"The Federal Magistrates Act requires a district court to 'make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C.A. § 636(b)(1) (West 1993 & Supp. 2005)) (alteration in original & emphasis removed). Absent a timely objection, "a district court need not conduct a de novo review,

but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. (quotation omitted).

The court has reviewed the record, the briefs, the M&R, the objections, and the response. As for those portions of the M&R to which plaintiff does not object, there is no clear error on the face of the record. Thus, the court adopts those portions of the M&R. As for the objections, the court reviews them de novo.

In reviewing the objections to the M&R, the court applies the same legal standard that Judge Gates discussed in the M&R. See M&R 2–4. Specifically, the court "must uphold the factual findings of the [administrative law judge] if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see 42 U.S.C.A. § 405(g) (West Supp. 2007). "Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). Under the substantial evidence standard, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Craig, 76 F.3d at 589.

II.

The administrative law judge ("ALJ") uses a five-step process in evaluating disability claims. See 20 C.F.R. § 404.1520 (2007). Essentially, this process requires the ALJ to consider whether a claimant (1) is engaged in substantial gainful employment; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) possesses the residual functional capacity ("RFC") to return to her past relevant work; and (5) if not, whether she can perform other work in light of her age, education, work experience, and RFC. See M&R 3–4; R. at

2

13. The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See, e.g., Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

On October 1, 2003, an ALJ held a hearing regarding plaintiff's application for benefits. R. at 22–36. On January 30, 2004, the ALJ denied plaintiff's claim. Id. at 83–89. The Appeals Council vacated and remanded the decision because the ALJ had failed to adequately support the credibility and residual functional capacity ("RFC") determinations. See id. at 90–92.

On June 29, 2005, the ALJ held a second hearing. Id. at 37–73. On November 21, 2005, the ALJ denied plaintiff's application for benefits based on the evidence presented at both hearings. Id. at 12–20. At step one in the five-step process, the ALJ found that plaintiff had not engaged in substantial gainful activity at any time relevant to the ALJ's decision. Id. at 13. Next, the ALJ determined that plaintiff had the severe impairments of degenerative joint disease, carpal tunnel syndrome, hearing loss, obesity, tobacco abuse, a history of dizziness, a history of heel spur, anxiety, and depression. Id. at 13. At step three, the ALJ found that plaintiff did not have an impairment, or combination of impairments, that met or medically equaled the criteria of a listed impairment under 20 C.F.R. § 404, Subpart P, App. 1. Id. at 13–14. At step four, the ALJ evaluated plaintiff's testimony and the medical evidence and determined that plaintiff possessed the RFC to perform mentally simple, routine, repetitive tasks and exertionally medium work. Id. at 17. Based on plaintiff's RFC, the ALJ found that plaintiff could not return to her past relevant work. Id. at 18. At step five, the ALJ relied on the testimony of a vocational expert ("VE") and concluded that a significant number of jobs existed in the national economy for a person with plaintiff's RFC and personal characteristics. Id. at 19. Accordingly, the ALJ concluded that plaintiff was not disabled. Id.

On August 3, 2006, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. See id. at 4–7. Plaintiff filed this action, and the parties filed cross-motions for judgment on the pleadings. On December 7, 2007, Judge Gates issued a thorough M&R rejecting plaintiff's arguments.

III.

Plaintiff essentially makes two objections to the M&R: (1) the ALJ erred in finding two of plaintiff's impairments to be non-severe; and (2) the ALJ failed to properly assess plaintiff's RFC and credibility.

Plaintiff contends that the ALJ erred in finding plaintiff's impairments of diffuse arthritis and bilateral lower extremity edema to be non-severe. See Objs. to M&R 2–5. In support, plaintiff cites the medical record and opinions of Drs. Rao and Brenneman. Id. at 3–4. The record indicates the ALJ considered plaintiff's arthritis as part of her degenerative joint disease — an impairment which the ALJ found to be severe. See R. at 13, 16–17, 19. Thus, plaintiff's contention that the ALJ ignored her arthritis lacks merit because the ALJ specifically considered this impairment in connection with plaintiff's degenerative joint disease.

As to plaintiff's lower extremity edema, the record indicates the ALJ adequately considered this impairment. The ALJ discussed plaintiff's edema throughout the opinion and questioned plaintiff about it at the hearing. Id. at 14–16, 54–55. Moreover, plaintiff's medical records suggest that her edema was treated as part of her degenerative joint disease. Id. at 254, 370–73, 419. Substantial evidence supports both the ALJ's determination that a separate finding regarding edema was not essential to the decision and the finding that plaintiff's edema was non-severe. See id. at

15–16, 254, 265, 410, 419. Where, as here, substantial evidence supports the ALJ's findings, the court may not reweigh the evidence or supplant the ALJ's judgment. See Craig, 76 F.3d at 589. Plaintiff's first objection is overruled.

Plaintiff also objects to the M&R on grounds that it erroneously affirmed the ALJ's RFC and credibility determinations. Objs. to M&R 6–10. In making this objection, plaintiff contends that the ALJ failed to properly assess treating physicians' opinions and other statements from medical sources. Id. at 4–6, 8, 10–12. In determining a claimant's RFC, the ALJ must consider all symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. See 20 C.F.R. § 404.1529; Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *1 (July 2, 1996). The ALJ also must consider any medical opinions which reflect judgments about the nature and severity of the impairments and resulting limitations. See 20 C.F.R. § 404.1527; Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *1 (July 2, 1996); Soc. Sec. Rul. 96-6p, 1996 WL 374180, at *1 (July 2, 1996). Similarly, in determining the credibility of a plaintiff's testimony, the ALJ must consider the entire case record, including objective medical evidence, the individual's statements, and other information provided by treating and examining physicians. See Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4–*5 (identifying factors to be considered in assessing the credibility of the claimant's statements about symptoms).

The ALJ's opinion complies with these requirements. See R. at 14–16. The ALJ scrutinized plaintiff's testimony and thoroughly reviewed the medical records and physicians' opinions. Id. The ALJ fully explained plaintiff's RFC before concluding that plaintiff "can perform the demands of medium work" and "mentally retains the capacity for simple, routine, repetitive tasks." Id. at 17. In making the credibility determination, the ALJ considered plaintiff's testimony and fully explained

5

the reasons for discounting plaintiff's credibility. Specifically, the ALJ noted several discrepancies between plaintiff's hearing testimony, statements made to treating and examining physicians, and her actual course of medical treatment. Id. at 16. Simply because claimant can identify other evidence in the record supporting her alleged impairments does not diminish the ALJ's analysis. See, e.g., Piney Mountain Coal Co. v. Mays, 176 F.3d 753, 762 n.10 (4th Cir. 1999) (ALJ need not discuss every piece of evidence in making credibility determination). When conflicting evidence is presented, it is the province of the ALJ, and not this court, to resolve those inconsistencies. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Because substantial evidence supports the ALJ's RFC and credibility determinations, plaintiff's objection is overruled. See Craig, 76 F.3d at 589.

## IV.

For the reasons stated above, plaintiff's objections to the M&R are OVERRULED, and the court ADOPTS the M&R. Accordingly, plaintiff's motion for judgment on the pleadings is DENIED, the Commissioner's motion for judgment on the pleadings is GRANTED, and the final decision of the Commissioner is AFFIRMED.

SO ORDERED. This 28 day of December 2007.

JAMES C. DEVER III
United States District Judge